OPINION
{¶ 1} This appeal is brought by juvenile, Brandis Marquis Ball, from the judgment of the Court of Common Pleas, Allen County, Juvenile Division, adjudicating him a delinquent child. For the reasons set forth in the opinion below, we affirm the trial court's adjudication.
 {¶ 2} The record presents the following facts. On January 13, 2002, Brian Corron, age 16, called the Lima Police Department to report that two young men assaulted him and stole $25 from his person. Corron made the call to police from the home of Justin Taylor, the juvenile with whom he was playing basketball when the assault occurred. Corron later reported that the assailants had also taken his gold necklace and a pocketknife. Corron immediately identified his assailants to police as Appellant Brandis Marquis Ball and "Meechie", subsequently determined to be Demetrius Harris. Additionally, both Corron and Justin Taylor positively identified Ball and Harris in a police photo line up.
 {¶ 3} Following further police investigation, the Allen County Juvenile Prosecutor filed individual delinquency complaints against Appellant Ball and Harris accusing them of robbery in violation of R.C.2911.02(A)(2). The complaint against Appellant was later amended to allege complicity to commit robbery in violation of R.C. 2923.03 and2911.02(A)(2). On February 4, 2002, Appellant entered a denial to the allegations. A full hearing was held on April 17, 2002 wherein Harris, who had previously entered an admission to his involvement in the robbery, testified that he and the Appellant had assaulted and robbed Corron; stealing $6, a necklace and a pocket knife.
 {¶ 4} In a separate hearing held on July 3, 2002, the trial court found Appellant delinquent by reason of complicity to robbery in violation of R.C. 2923.03 and 2911.02(A)(2). Thereafter, the trial court ordered the Appellant to the custody of the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed the age of 21 years. It is from this order that Appellant now appeals.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. The trial court's verdict that Appellant was guilty of robbery is against the manifest weight of the evidence.
 {¶ 7} "II. Appellee's evidence was legally insufficient to support the verdict of the trial court."
 {¶ 8} In his second assignment of error, which we elect to address first, Appellant argues that the state failed to present legally sufficient evidence to sustain a conviction for complicity to commit robbery. We disagree.
 {¶ 9} In reviewing a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Coley
(2001), 93 Ohio St.3d 253, 754 N.E.2d 11.
 {¶ 10} R.C. 2911.02 provides that a person is guilty of robbery if, while attempting or committing a theft offense or in fleeing immediately after the attempt or offense, that person; (1) has a deadly weapon on or about the offender's person or under the offender's control; (2) inflicts, attempts to inflict, or threatens to inflict physical harm on another; (3) uses or threatens the immediate use of force against another. Furthermore, R.C. 2923.03(A) provides that "no person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: (1) Solicit or procure another to commit the offense; (2) Aid or abet another in committing the offense; (3) Conspire with another to commit the offense in violation of section2923.01 of the Revised Code; (4) Cause an innocent or irresponsible person to commit the offense." Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. R.C. 2923.03(F).
 {¶ 11} Here, Demetrius Harris testified that on January 13, 2002, he and Appellant approached Brian Corron as the boy was playing basketball. They asked him for his money and when he resisted, Appellant and Harris slammed him to the ground and kicked him. Harris further testified that he and Appellant removed Corron's cash and pocketknife from his person and left the scene. This testimony, if believed, is sufficient to support Appellant's conviction for complicity to commit robbery. Appellant's second assignment of error is overruled.
 {¶ 12} In his first assignment of error, Appellant contends that trial court's verdict finding him guilty of robbery was against the manifest weight of the evidence. First of all, we must point out that the trial court did not find Appellant to be guilty of robbery. The trial court determined that the Appellant was a delinquent child by reason of complicity to commit robbery. In the interests of justice, we will address Appellant's assignment of error to challenge the manifest weight of the correct finding.
 {¶ 13} Weight of the evidence concerns "the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. In reviewing whether a finding is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new hearing ordered. See State v. Adkins, Hancock App. No. 5-97-31, 1999-Ohio-881, (citing State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717). However, we recognize that because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of syllabus.
 {¶ 14} In support of his argument, Appellant first alleges that the trial court failed to establish proper jurisdiction over him. Specifically, Appellant argues that the trial court never made a finding on the record that Appellant was a juvenile. Notably, Appellant did not raise this objection before the court below and thus has waived all but plain error. Furthermore, contrary to Appellant's assertion, we find that the court did in fact establish Appellant's age. The following dialog took place during Appellant's February 4, 2002 preliminary hearing:
 {¶ 15} The Court: Brandis, you are 16 years old, is that correct?
 {¶ 16} Defendant: Yes, sir.
 {¶ 17} Additionally, the trial court made a finding in the July 3, 2002 judgment entry of commitment that Appellant was born on December 16, 1985 and thus was a juvenile. Consequently, we find Appellants jurisdictional argument to be without merit.
 {¶ 18} Appellant next argues that testimony rendered by Brian Corron, the victim in this matter, was inherently unreliable, interalia, because Corron was on probation for an unrelated offense at the time of his testimony. Appellant further argues that the co-defendant Demitrius Harris' testimony was similarly unreliable and that comparatively, the testimony of two defense witnesses was more credible.
 {¶ 19} After thorough review of all the testimony, we do not find prevailing signs of unreliability in Brian Corron's or Demitrius Harris' testimony. Corron and Harris testified to a similar version of the assault, excepting the amount of money that was taken. That Corron, the complaining victim, was himself on probation for a past juvenile offense is irrelevant as to his ability to testify about an assault he sustained at the hands of another. Furthermore, we are unconvinced that Harris' testimony was so self-serving as to affect his credibility. Harris had already entered an admission to his juvenile complaint and was already in the custody of DYS. Finally, Harris testified that he was not offered promises regarding his testimony and insisted that he made the decision to testify on his own.
 {¶ 20} Additionally, the state presented the testimony of Officer Jason Garlock, the responding officer and Officer Randall Kohli, the investigating officer. Officer Garlock testified that when he arrived on the scene he observed Corron with visible injuries to his person. Garlock further stated that the victim immediately identified his assailants as Ball and "Meechie." Next, Officer Kohli testified that he prepared photo line-ups for suspects Ball and Demetrius Harris from which the victim and witness Justin Taylor positively identified both boys.
 {¶ 21} In his defense, Appellant presented the testimony of Maurice Taylor and Justin Taylor (no known relation between the two). Maurice testified that he accompanied Appellant and Harris to the basketball court where Corron was playing. Maurice stated that Harris alone assaulted and robbed Corron. Justin, who had been playing basketball with Corron at the time of the assault, likewise testified that Harris was Corron's sole assailant. However, on cross, Justin's credibility was called into question when he admitted to previously identifying the Appellant as one of the assailants to the police.
 {¶ 22} To warrant a reversal on a manifest weight of the evidence claim, the standard of review requires a finding that the trier of factclearly lost its way in reaching its verdict. After thoroughly considering and weighing all the testimony, we find the testimony by Corron, Harris and the two police officers to be more credible than the testimony of Justin Taylor and Maurice Taylor. Therefore, under the circumstances of this case, we cannot conclude that the trier of fact clearly lost its way. Appellant's first assignment of error is overruled.
 {¶ 23} For the reasons stated it is the order of this Court that the judgment of the Allen County Court of Common Pleas, Juvenile Division, is hereby
{¶ 24} AFFIRMED.
 Judgment affirmed. WALTERS and SHAW, JJ., concur.